1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENYA JOSEPH,

               Plaintiff,

     v.

RENAL CARE GROUP, INC., d/b/a
FRESENIUS MEDICAL CARE NORTH
AMERICA,

               Defendant.

CASE NO. C15-5178 BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
CONTINUANCE AND
RENOTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

14

15

16

17

18

19

This matter comes before the Court on Defendant Renal Care Group, Inc., d/b/a

Fresenius Medical Care North America's ("Fresenius") motion for summary judgment

(Dkt. 14) and Plaintiff Kenya Joseph's ("Joseph") motion for a continuance (Dkt. 18).

The Court has considered the pleadings filed in support of and in opposition to the

motions and the remainder of the file and hereby grants Joseph's motion and renotes

Fresenius' motion for the reasons stated herein.

20

**I. PROCEDURAL AND FACTUAL BACKROUND**

21

On July 1, 2013, Joseph began working at Fresenius.  Dkt. 12 ("Comp.") ¶ 4.2.

22

During the course of her employment, Joseph made complaints of discrimination,

ORDER - 1

1  harassment, and retaliation to her manager, supervisor, and human resources.  *Id.* ¶¶ 4.8,

2  4.10, 4.15, 4.18, 4.20, 4.22, 4.23.  On August 22, 2014, Joseph's employment with

3  Fresenius was terminated.  *Id.* ¶ 4.28.

4         On December 23, 2014, Joseph filed a voluntary petition for bankruptcy in the

5  U.S. Bankruptcy Court for the Western District of Washington.  Dkt. 15, Exs. A, B.[1]

6  Joseph was represented by a bankruptcy attorney.  Dkt. 19, Declaration of Kenya Joseph

7  ("Joseph Dec.") ¶ 3.  In her bankruptcy schedules, Joseph checked the box "NONE"

8  when asked whether she had any contingent or unliquidated claims.  Dkt. 15, Ex. B at 11.

9  Joseph did not list any claims in her reorganization plan filed on December 23, 2014, or

10  her amended reorganization plan filed on January 28, 2015.  Dkt. 15, Exs. C, D.

11         Prior to filing for bankruptcy, Joseph met with another attorney, Thaddeus Martin

12  ("Martin"), to discuss her employment with Fresenius and her legal rights.  Joseph Dec.

13  ¶ 5.  Martin had several other projects at the time, and told Joseph that he could not

14  provide her with any legal opinion until he thoroughly investigated the matter.  *Id.*  When

15  Joseph filed for bankruptcy, Martin had not yet made a determination regarding Joseph's

16  legal rights.  *Id.*  In February 2015, Martin advised Joseph that he had reviewed the

17  matter and was going to file a complaint for damages on Joseph's behalf.  *Id.* ¶ 6.

18         On February 23, 2015, Joseph filed suit in Thurston County Superior Court.  Dkt.

19  1-5.  Joseph asserted claims arising out of her employment with Fresenius, including (1)

20  ――――――――――――――――

21         [1] Fresenius asks the Court to take judicial notice of court filings in Joseph's bankruptcy
case.  Dkt. 15.  Court filings and other matters of public record are proper subjects of judicial
notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

22  The Court takes judicial notice of the bankruptcy filings.

1   hostile work environment, (2) disparate treatment, (3) wrongful discharge, (4) unlawful

2   retaliation, (5) negligence, (6) intentional infliction of emotional distress, and (7) libel,

3   slander, and defamation.  *Id.* ¶¶ 5.1–5.9.  Joseph's complaint, however, named the wrong

4   defendant.  *See id.* ¶ 3.2; Joseph Dec. ¶ 6.  On March 25, 2015, Joseph's suit was

5   removed to this Court.  Dkt. 1.

6          On March 30, 2015, the bankruptcy court entered an order confirming Joseph's

7   reorganization plan.  Dkt. 15, Ex. E.  On July 31, 2015, Joseph filed an amended

8   complaint in this suit, naming Fresenius as the proper defendant.  *See* Comp. ¶ 3.2.

9   Joseph asserts the same causes of action.  *Id.* ¶¶ 5.1–5.9.

10         On August 6, 2015, Defendants moved for summary judgment on the basis of

11  judicial estoppel.  Dkt. 14.  On August 10, 2015, Joseph's bankruptcy attorney filed

12  amended schedules and disclosures regarding Joseph's claims against Fresenius with the

13  bankruptcy court.  Dkt. 20, Declaration of Thaddeus Martin ("Martin Dec."), Ex. A.  On

14  August 24, 2015, Joseph responded and moved to continue Fresenius' motion.  Dkt. 18.

15  On August 28, 2015, Fresenius replied.  Dkt. 21.  On September 2, 2015, Fresenius filed

16  a surreply seeking to strike a supplemental declaration filed by Joseph after the close of

17  briefing.  Dkt. 23.

18         Joseph's bankruptcy proceeding remains ongoing, and has not yet been

19  discharged.  Joseph Dec. ¶ 9.

20                                    **II. DISCUSSION**

21         Fresenius moves for summary judgment, arguing that Joseph should be judicially

22  estopped from asserting any claim that she did not initially disclose in her bankruptcy

1 proceeding.  Dkt. 14.  In response, Joseph asks the Court to continue Fresenius' motion in

2 light of pending matters before the bankruptcy court.  Dkt. 18 at 1–2.

3       "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

4 advantage by asserting one position, and then later seeking an advantage by taking a

5 clearly inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778,

6 782 (9th Cir. 2001).  The Court considers the following factors when analyzing the

7 applicability of judicial estoppel: "(1) whether a party's later position is 'clearly

8 inconsistent' with its original position; (2) whether the party has successfully persuaded

9 the court of the earlier position[;] and (3) whether allowing the inconsistent position

10 would allow the party to 'derive an unfair advantage or impose an unfair detriment on the

11 opposing party.'"  *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting

12 *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).  "Judicial estoppel is a

13 discretionary doctrine, applied on a case-by-case basis."  *Ah Quin v. County of Kauai*

14 *Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013).

15       "In the bankruptcy context, the federal courts have developed a basic default rule:

16 If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy

17 schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the

18 action."  *Id.* at 271.  The Bankruptcy Code imposes on debtors an affirmative, continuing

19 duty to disclose all pending and potential claims.  *Hamilton*, 270 F.3d at 785.  "Judicial

20 estoppel will be imposed when the debtor has knowledge of enough facts to know that a

21 potential cause of action exists during the pendency of the bankruptcy, but fails to amend

22 his schedules or disclosure statements to identify the cause of action as a contingent

1  asset." *Id.* at 784.  This basic rule "comports fully with the policy reasons underlying the

2  doctrine of judicial estoppel: to prevent litigants from playing 'fast and loose' with the

3  courts and to protect the integrity of the judicial system." *Ah Quin*, 733 F.3d at 271.

4  Although not discussed by either party,[2] the Ninth Circuit has recognized an

5  exception to the basic default rule.  *See id.* at 272; *see also Dzakula v. McHugh*, 746 F.3d

6  399 (9th Cir. 2013).  In *Ah Quin*, the Ninth Circuit determined that judicial estoppel does

7  not apply where there was an inadvertent or mistaken omission from a bankruptcy filing.

8  733 F.3d at 271.  The application of this exception depends on whether the plaintiff-

9  debtor "reopened her bankruptcy proceedings and filed amended bankruptcy schedules

10  that properly listed [the] claim as an asset." *Id.* at 274.  When a plaintiff-debtor has not

11  corrected her bankruptcy filings, the Court applies a narrow interpretation of

12  "inadvertence or mistake." *Id.* at 272.  Under this narrow interpretation, the Court only

13  asks "whether the debtor knew about the claim when he or she filed the bankruptcy

14  schedules and whether the debtor had a motive to conceal the claim." *Id.* at 271.

15  However, when a plaintiff-debtor corrects her bankruptcy filings and allows the

16  bankruptcy court to reprocess the bankruptcy, two of the three judicial estoppel factors

17  are no longer met. *Id.* at 274.  Rather than applying a presumption of deceit under these

18  circumstances, the Court applies the ordinary understanding of "inadvertence or

19  mistake." *Id.* at 276.  In doing so, the Court "must determine whether the omission

20

21  [2] Joseph relies on Washington State and out-of-circuit case law to support her intent argument. *See* Dkt. 18.  However, federal law governs the application of judicial estoppel in federal court, even in diversity actions. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d

22  597, 603 (9th Cir. 1996).

1  occurred by accident or was made without intent to conceal." *Id.* "The relevant inquiry

2  is, more broadly, the plaintiff's subjective intent when filling out and signing the

3  bankruptcy schedules." *Id.* at 276–77.

4       In this case, it is undisputed that Joseph did not list her current claims as assets on

5  her bankruptcy schedules before the bankruptcy court confirmed her reorganization plan.

6  It is also undisputed that Joseph knew of the facts underlying her claims before she filed

7  her bankruptcy petition.  All of the alleged acts of discrimination, harassment, and

8  retaliation occurred before or in conjunction with Joseph's termination from Fresenius,

9  which happened four months before she filed her bankruptcy petition.  Comp. ¶¶ 4.2,

10  4.28; Dkt. 15, Ex. A.

11       Joseph, however, states that her omission was not intentional or done in a manner

12  to "play fast and loose" with the courts.  Joseph Dec. ¶ 9.  Joseph further states that she

13  did not know she had claims against Fresenius when she filed her bankruptcy petition.

14  Joseph Dec. ¶ 5.  Joseph also filed amended schedules and disclosures regarding her

15  claims against Fresenius in the bankruptcy court.  Martin Dec., Ex. A.

16       It appears that the bankruptcy court has not yet addressed Joseph's amended

17  schedules.  However, the bankruptcy court's response to Joseph's amended schedules

18  will likely impact whether judicial estoppel applies in this case.  *See Ah Quin*, 733 F.3d at

19  271 ("[O]nce a plaintiff-debtor has amended his or her bankruptcy schedules and the

20  bankruptcy court has processed or reprocessed the bankruptcy with full information, two

21  of the three primary [judicial estoppel] factors are no longer met.").  It also appears that

22  there are other pending motions before the bankruptcy court that may impact this

1  proceeding.  *See* Dkt. 18 at 2.  Thus, in the interests of judicial economy and fundamental

2  fairness, the Court grants Joseph's motion for a continuance while the bankruptcy court

3  addresses these pending matters.

**III. ORDER**

5      Therefore, it is hereby **ORDERED** that Joseph's motion for a continuance (Dkt.

6  18) is **GRANTED**.  The parties shall file a joint status report with the Court after the

7  bankruptcy court has addressed the pending matters.  The Clerk shall renote Fresenius'

8  motion for summary judgment on the Court's November 27, 2015 calendar.

9      Dated this 28th day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7